The opinion of the Court was drawn up by
Wilde J.
This is an action of trespass founded on the supposed illegal assessment of a parish tax made by the defendants, they being assessors of the Fourth Religious Society in Newburyport.
The plaintiff, to support his action, must maintain two propositions : — first, that the assessment against him was ille *418 gal; and secondly, that the defendants are liable in trespass f°r this illegal assessment.
The first proposition will be found to depend on the con struction to be given to the St. 1823, c. 106, by the 2d sec tian of which it is enacted, that “ any person may separate from one religious society and join another, either of the same, or of a different denomination, by filing with the clerk of the society left, a certificate of the fact, under the hand of the clerk of the society, which such person elects to join.” It appears, by the exceptions, that previous to the grant and assessment of the tax complained of, the plaintiff had filed with the clerk of the Fourth Religious Society, of Which he had before been a member, a certificate, under the hand of the clerk of the Second Presbyterian Society, certifying the fact that the plaintiff had joined himself to the latter society. No objection has been made to the form of the certificate, but the defendant’s counsel contend that the filing of the certificate is not alone sufficient to transfer the membership or relation from one religious society to another; and at the trial in the court below, they offered to prove that, except for a few Sundays after the filing of the certificate, the plaintiff had generally attended public worship with the Fourth Religious Society, and not with the Second Presbyterian Society. This evidence was rejected by the court, as irrelevant; the court being of opinion, that, by filing- the certificate pursuant to the statute, the plaintiff ipso facto became a member of the Second Presbyterian Society; and that his attending public worship afterwards in the Fourth Religious Society could not re-transfer his relation to that society, without the filing of a new certificate. And we all concur in this opinion. The language of the statute is clear and unambiguous, and when such is the language of a statute, we are bound to read it according to its obvious and usual signification, whatever may be our opinion of the expediency of the law. If we should give it a strained construction, even from motives of public policy, and for the advancement of apparent justice in a particular case, we should be justly chargeable with usurpa-, tian of power, and a violation of the constitution we are sworn to support.
*419 In the present case the statute expressly provides, that any jwsrson may separate from one religious society and join another by filing a certificate &c. This is made conclusive evidence of membership ; which is not made to depend upon attendance on public worship, in one society or another. To constitute one a member of a religious society, and to render him liable to taxation, it is not necessary that he should attend public worship with the religious society of which he is a member ; nor can he become a member by attending public worship in any religious society, under the act of 1823. In the section already cited it is further provided, “that any person who may come to dwell within any town in this commonwealth, shall be deemed and taken to be a member of the oldest religious society in said town, unless such persons shall, previous to the first day of May following, file with the clerk of such religious society, a certificate, that he or she has joined him or herself to, and is a member of some other religious society within the commonwealth, under the hand of the clerk thereof.” He is not to be deemed a member of the religious society where he may usually attend public worship, but is to belong to the oldest religious society, unless he files a certificate pursuant to the statute. We think, therefore, that the least attention to the language of the statute will render it quite obvious, that the liability of any one to be taxed in a religious society or parish is not to be tested by his attendance or non-attendance upon public worship. Immediately after filing his certificate, the plaintiff was clearly liable to be taxed in the presbyterian society ; he was therefore a member of that society, and was no more liable to be taxed by the other society by reason of his attending public worship there afterwards, than would any other member of the presbyterian society be, who might thus attend.[1]
But the defendants’ counsel rely also upon the St. 1793, c. 44, which provides that the inhabitants of Newburyport shall be exempted from taxation, for the support of public worship, “ in any other place or society therein, than that *420 wherein they usually attend public worship.”' There is Iike-w*se a provision as to the manner by which a member of one religious society may leave it and join another, respecting the construction of which some doubts have been suggested, which, however, we do not think it necessary to consider; because, so far as this statute differs from the statute of 1823, it must be considered as virtually repealed. It makes no difference in the controlling operation of the latter, that the one is a general and the other a special statute. If the provisions in the two statutes are repugnant, as they unquestionably are, both cannot stand together. This case, therefore, most clearly depends on the construction of the general statute.
By this statute nothing more is required, for the purpose of changing one’s parochial relations, than the filing of a certain certificate; and if this is sufficient, then clearly a provision which requires other and further conditions to be performed for the same purpose, must be held repugnant. And such is the provision relied on by the defendants’ counsel. We have, therefore, no difficulty in deciding that it was abrogated by the statute of 1823, if not by that of 1811, c. 6. The limited privilege secured to the inhabitants of Newburyport by the special statute, was merged in the more- enlarged privilege granted by the latter acts.
But if it were otherwise ; if these provisions were dissimilar but not repugnant, and might stand together, still the plaintiff had the right to pursue the provision of either statute. As if by one statute jurisdiction of a matter be given to one court, and afterwards by a new statute the same matter is made cognizable by another court, both courts shall have a concurrent jurisdiction ; and a party may elect to appeal to either tribunal for redress. So when different remedies are provided for the same injury, a party may elect that which he thinks most beneficial. It would not, therefore, avail the defendants, to show that there is nothing repugnant in the two statutes, since it is manifest that the plaintiff has strictly and fully complied with the provisions of the latter statute.
The remaining inquiry is, whether the defendants are liable in trespass for an illegal assessment. It is clear that they are, *421 nnless they can bring themselves within the statute of 1823, c. 138. And we think it equally clear that they cannot, by any reasonable construction, be brought within the provisions of this statute. Whether assessors are still responsible for their own unintentional errors and mistakes when they assess a tax on the inhabitants or members of any town, district, parish, or religious society, being thereto required by the constituted authorities thereof, may be a question of difficult solution. But it does not arise in this case ; for it does not appear that the assessors were required or directed to assess the tax on the plaintiff, and it does appear that he was not, at the time of the assessment, a member of the Fourth Religious Society ; so that the case is not within the words or meaning of the statute.[1]

 See Sumner v. First Parish in Dorchester, ante, 363, n. 1; Reviseo Stat e. 20, § 4.

 See Withington v. Eveleth, 7 Pick. 106; Inglee v. Bosworth, 5 Pick. 498; Sumner v. First Parish in Dorchester, ante, 365, n. 1.